◼ In the Matter of the Claim of DOLORES GRUNOW, Respondent, v. FURST SURVEY RESEARCH CENTER et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board filed March 1, 1968. The appellants contend that the record does not contain substantial evidence to support the board's finding of accidental injury. The appellants do not question the factual findings of the board as to the employment of the claimant, which were as follows: " Claimant worked for a research firm as Secretary and Interviewer. Her duties were usually secretarial, office work and interviewing. On March 5, 1966 she was assigned to a soup-tasting survey. This entailed interviewing about 120 persons. She was in charge

of that project. The duties involved seeing that all materials needed were brought to the place where the survey was being carried out. It was in the basement of a church. She had to go up and down some metal stairs many times during the course of the event. Throughout the day, she was on her feet constantly overlooking and directing the interviewers. The floor was concrete. She also supervised the making of the soup and the cleaning up. She worked there from 8 o'clock that morning until 8 P. M. When she got home that night she was exhausted and soaked her feet for some relief. The next morning she noticed her right foot was hurting, and she had a slit underneath the heel, around the edge. It was sore and tender." The claimant went to a doctor on the third day following the employment episode described above. The appellants raise no question as to causation between the bursitis condition and the claimant's activities on March 5, 1966. The case of *Matter of Bruzdowski* v. *Coleco Ind.* (30 A D 2d 886), relied upon by the appellants, is factually different from the present case. In that case the facts as found by the board did not constitute an accident as a matter of law. In the present case there was a distinctive activity which almost immediately resulted in a physical disability. (Cf. *Matter of Bruzdowski* v. *Coleco Ind., supra,* p. 887.) The rationale in the majority opinion in *Matter of Walters* v. *U. S. Vitamin Corp.* (11 A D 2d 280, affd. 10 N Y 2d 924) is applicable to the present facts. Decision affirmed, with one bill of costs to respondents claimant and the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Herlihy, J.